IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

JOSEPH M. JACKSON, )
 )
          Petitioner, )
 )
vs. ) No. CIV-20-826-C
 )
JIMMY MARTIN, )
 )
          Respondent. )

ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff filed the present action pursuant to 28 U.S.C. § 2241. Consistent with the provisions of 28 U.S.C. § 636(b)(1)(B), this matter was referred to United States Magistrate Judge Shon T. Erwin. Judge Erwin entered a Report and Recommendation ("R&R") on September 18, 2020, recommending dismissal of the Petition without prejudice. Petitioner has objected to the R&R.

In the R&R, Judge Erwin sets out the history of this case. In summary, Petitioner filed his action alleging four violations of his constitutional rights. According to Petitioner, changes to the Oklahoma parole process resulted in violations of the *Ex Post Facto* clause, denied him Due Process, violated the Eighth Amendment and/or denied him Equal Protection. Judge Erwin thoroughly addressed each claim and there is no reason to repeat that analysis. Rather, the Court will briefly address the objections raised by Petitioner.

Petitioner argues Judge Erwin erred in finding he could not pursue the *Ex Post Facto* clause claim by failing to recognize factual differences between the cases on which Judge

Erwin relied and Petitioner's circumstances. Petitioner argues that in the other cases, the prisoners had committed other crimes and those crimes altered the analysis. Petitioner notes that he has no other sentences to serve. Petitioner is incorrect in arguing that the additional sentences were the determining factor in Henderson v. Scott, 260 F.3d 1213 (10th Cir. 2001), and Coburn v. Jones, CIV-12-776-R, 2012 WL 5336245 (W.D. Okla. Sept. 20, 2012). In each case, the court examined the application of the Oklahoma Statute to the prisoner and determined there was no *Ex Post Facto* violation because there was no demonstration of a risk of increased punishment as a result of application of 57 Okla. Stat. § 332.7. That is precisely the determination Judge Erwin reached here, after considering the severity of Petitioner's criminal conduct and the imposed sentence, his chances at parole were at best remote both before and after enactment of § 332.7.

Regarding the Due Process claim, Petitioner argues Judge Erwin misconstrued his claim. According to Petitioner, his claim was not a constitutional right to parole, but a right to the explicit process provided by the statute. Petitioner claims this was violated when the Oklahoma Parole Board failed to conduct stage 2. Petitioner argues that he does have a right for the statute to be followed. The flaw in Petitioner's argument is that his crime was committed prior to November 1, 2018. Section 332.7 creates a two-stage process only for crimes occurring on or after that date. Thus, Petitioner has failed to demonstrate the statute was not followed.

After *de novo* review, the Court finds no error in Judge Erwin's determination that a long sentence does not equal cruel and unusual punishment and that Petitioner has failed

2

to demonstrate an Equal Protection claim. The arguments raised by Petitioner in his Objection raise no legal or factual argument that was not considered and properly rejected by Judge Erwin. The Court finds no error in Judge Erwin's determinations.

Accordingly, the Court adopts, in its entirety, the Report and Recommendation of the Magistrate Judge (Dkt. No. 7). For the reasons set forth in the R&R and this Order, the Petition (Dkt. No. 1) is DISMISSED without prejudice. A separate judgment will issue.

IT IS SO ORDERED this 3rd day of November 2020.

ROBIN J. CAUTHRON
United States District Judge